record in this case. After reading the entire record, the court is convinced that one comment by the bankruptcy judge, to wit, that the conduct of the sale was amateurish, is probably the understatement of the year. It appears that the sale conducted in such a hurried manner was like amateur night at the theater.

The opinion of the bankruptcy judge is adopted and made a part hereof as fully as if copied verbatim herein, and the appeal will be dismissed.[1]

An appropriate order will be entered.

## ORDER

In accordance with the memorandum contemporaneously filed, the decision of the bankruptcy judge is affirmed, and this case is dismissed.

**In re Frank David FRAZIER, Debtor.**

**James F. CHAVERS and Linda H. Chavers, Plaintiffs/Appellants,**

**v.**

**JAMIE, INC., and Jamie Ross Frazier, Defendants/Appellees.**

Bankruptcy No. 386–0341.

Adv. No. 386–0397.

No. 3:88–0950.

United States District Court,
M.D. Tennessee,
Nashville Division.

Aug. 1, 1989.

Douglas A. Brace, William A. Cragg, and Paul M. Buchannan, Ortale, Kelley, Herbert & Crawford, Nashville, Tenn., for plaintiffs/appellants.

James V. Doramus, Nashville, Tenn., for defendants/appellees.

## MEMORANDUM

L. CLURE MORTON, Senior District Judge.

This is an appeal from the decision of the bankruptcy judge, 93 B.R. 366, finding that a sale of a jet airplane was commercially unreasonable after it had been repossessed for nonpayment of debt. The bankruptcy judge saw and heard the witnesses and made findings of fact and conclusions of law which are fully supported by the

---

1. One citation that appears in the bankruptcy judge's opinion is *U.S. v. Willis,* 593 F.2d 247,

261. This citation should be *U.S. v. Willis,* 593 F.2d 247, 260.